# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08-cv-6-GCM

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, <br><br> Plaintiff, <br> Counterclaim Defendant and <br> Counterclaim Plaintiff, <br><br> v. <br><br> JEMSEK CLINIC, P.A. and <br> JOSEPH G. JEMSEK, M.D., an individual <br><br> Defendants, <br> Counterclaim Plaintiffs and <br> Counterclaim Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Blue Cross and Blue Shield of North Carolina's ("BCBSNC") Amended Motion for Leave to Appeal (Doc. No. 2) a December 18, 2007 bankruptcy court order entered by Hon. J. Craig Whitley. BCBSNC seeks leave of court to appeal this order insofar as it granted Defendants' Motion to Compel Discovery. For the reasons set forth below, Plaintiff's Motion is **DENIED.**

1

## I. BACKGROUND

This appeal arises from adversary proceedings between Plaintiff BCBSNC and Defendants Jemsek Clinic, P.A. and Joseph G. Jemsek (collectively "Jemsek"). Jemsek moved to compel production of certain documents by BCBSNC under a claim of privilege.

The bankruptcy court entered an order on December 18, 2007 granting in part, denying in part, and holding in abeyance in part Defendant's Motion to Compel. BCBSNC now seeks leave of court to appeal this discovery order to the extent it compels BCBSNC's production of Credentialing Committee and alleged work product materials. The bankruptcy court entered an Order Staying Production Requirements and Staying Discovery pending this court's resolution of Plaintiff's Motion for Leave to Appeal.

## II. DISCUSSION

This Court has appellate jurisdiction over proceedings in bankruptcy court pursuant to *28 U.S.C. § 158(a),* which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees. . . ." *28 U.S.C. § 158(a)*. Because this appeal arises from an interlocutory order, and not a "final judgment, order, or decree," leave of court is an absolute precondition to this Court's jurisdiction. Although *§ 158* provides no express guidance as to when leave of court should be granted, it does state that bankruptcy court appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." *28 U.S.C. § 158(c)(2)*. Thus, district courts considering bankruptcy court appeals apply a similar analysis to that employed by district courts

in certifying interlocutory review by the circuit court of appeals under *28 U.S.C. § 1292(b)*. *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, LTD., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000)

BCBSNC argues that leave of court should be granted pursuant to the collateral order doctrine enunciated by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). This doctrine provides for the interlocutory review of orders that "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action" and are "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (interpreting and applying the collateral order doctrine enunciated in *Cohen*). The court disagrees.

The Fourth Circuit has determined that discovery orders do not satisfy the collateral order doctrine exception. *MDK Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 120 (4th Cir. 1994) (citing strong concerns of judicial economy that weigh against granting leave of court to appeal interlocutory discovery orders and observing that "courts have rather routinely declined to extend the collateral order doctrine to discovery rulings."); *See also United States v. Moussaoui,* 333 F.3d 509 (2003) (denying interlocutory appeal of discovery order). Moreover, the Fourth Circuit has warned "that piecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively reviewed together in one appeal from the final judgment." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993). Accordingly,

It is therefore **ORDERED** that Defendant Blue Cross and Blue Shield of North Carolina's Amended Motion for Leave of Court to Appeal is hereby **DENIED**.

Signed: March 7, 2008

Graham C. Mullen
United States District Judge